# United States District Court

FOR THE
NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN JOSE

FILED 2010 JUN 24 P 4:51
RICHARD W. ...
CLERK, U.S. DIST...
NORTHERN DIST...

---

UNITED STATES OF AMERICA,

V.

E-filing **CR 10 0494 RMW**

BRIAN DUNNING,

DEFENDANT(S).

---

## INDICTMENT

VIOLATIONS: 18 U.S.C. § 1343 - Wire Fraud; 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461 (c) - Criminal Forfeiture

---

A true bill.

_____ Foreman

Filed in open court this _24_ day of June, 2010

FRANK JUSTILIANO, Clerk

Bail, $_____

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

FILED
2010 JUN 24 P 4:52

E-filing

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

BRIAN DUNNING,

  Defendant.

No. CR 10 0494

VIOLATIONS: 18 U.S.C. § 1343 — Wire Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) — Criminal Forfeiture

SAN JOSE VENUE

## INDICTMENT

The Grand Jury charges:

At all times relevant to this Indictment:

### BACKGROUND

**EBay, Inc.**

1. EBay, Inc. ("eBay") was a corporation headquartered in San Jose, California. EBay owned and operated a popular on-line marketplace that enabled people to sell goods or services locally, nationally, and internationally using the Internet via eBay's websites (collectively referred to herein as "eBay.com"). One of eBay's most popular services was the on-line auction, which allowed registered sellers to list goods or services for sale on eBay.com. Sellers commonly provided descriptions and photographs of the items posted for sale, and registered buyers could bid on-line for these items prior to the set end date

INDICTMENT
[DUNNING]

and time of the auction. In some circumstances, registered buyers could purchase items without engaging in an auction through eBay's "Buy It Now" option. EBay earned revenue each time a seller posted an item for sale on eBay.com, as well as each time a seller sold an item on eBay.com.

**EBay's Affiliate Program**

2. EBay developed what is referred to herein as the "Affiliate Program." The Affiliate Program was a means by which eBay worked with third-party marketers to "drive" Internet "traffic" to eBay.com.

3. Under eBay's Affiliate Program, it was intended that a third-party affiliate would send visitors to eBay.com from a website associated with the affiliate, and would do so (at least in theory) by suggesting (in some way) that the visitor "click" on a "link" to eBay.com located on the affiliate's website. If, within specified time periods, such visitors to eBay.com became new active users, won auctions, or made Buy-It-Now purchases on eBay.com, the affiliate received compensation from eBay. A "new active user" was defined to include a user who both set up a new eBay.com account and then placed a bid (whether that bid was a winning bid or not). For purposes of this Indictment, the actions of becoming a new active user, winning an auction, and making a purchase are referred to collectively as "revenue actions."

4. The Affiliate Program defined the rates and amounts of compensation that eBay paid to an affiliate. These rates and amounts of compensation were based on the monthly totals of revenue actions attributable to that affiliate. For instance, if 1 to 49 of the individuals the affiliate referred to eBay became new active users within 30 days, eBay paid the affiliate $25.00 per new user. As another example, if the individuals that the affiliate referred to eBay won auctions for items totaling $99.99 in value within seven days, eBay paid the affiliate 50% of the revenue earned by eBay on those transactions. Each of these rates of compensation increased as the total number of new active users and the total amount of sales attributable to referrals from a particular affiliate increased.

5. In order to become a member of the Affiliate Program, a would-be affiliate

INDICTMENT
[DUNNING]                    -2-

1  registered through another company, Commission Junction, Inc. ("CJ"). EBay contracted
2  with CJ not only to register affiliates, but also to assist affiliates with their accounts and to
3  monitor affiliates' activity to ensure quality control and compliance with the rules and
4  regulations governing the Affiliate Program. CJ generally paid affiliates on a monthly
5  basis, with funds provided by eBay.

**Brian Dunning and Kessler's Flying Circus**

6.  The defendant Brian Dunning was an individual who resided in the Central District of California. Kessler's Flying Circus was a partnership that was owned, in part, and both directly and indirectly, by Dunning. Dunning was also the sole owner of the company Thunderwood Holdings, Inc., and he did business as BrianDunning.com. Thunderwood Holdings, together with the company Dunning Enterprise, Inc., did business as Kessler's Flying Circus. These non–person entities are referred to herein collectively as "Kessler's Flying Circus."

7.  Kessler's Flying Circus was a member of the Affiliate Program. In 2006, Kessler's Flying Circus received approximately $2,800,000 in compensation from the eBay Affiliate Program in the United States. Between January and June 2007, Kessler's Flying Circus earned more than $2,500,000 in compensation from the eBay Affiliate Program in the United States. As of approximately June 2007, Kessler's Flying Circus was the number-two producing account in the Affiliate Program. In other words, based on data provided to eBay, Kessler's Flying Circus was purported to be the affiliate that drove the second-most revenue-producing traffic to eBay.com.

**Affiliate Program Tracking**

8.  EBay used an automated tracking process in an effort to ensure that affiliates received appropriate compensation. This tracking process utilized "cookies."

9.  In Internet parlance, the term "cookie" refers to a text file that is generated by a website's servers when a user on a remote computer accesses it. The cookie is sent to the user's computer by the website's servers, and is thereafter placed (or "dropped") on that user's computer. The cookie includes information such as user preferences for a

INDICTMENT
[DUNNING]                              -3-

particular user, connection data (including time and date of use), records of user activity (including files accessed, services used, or "shopping cart" contents), and account information (including usernames and passwords). The information contained in that cookie is then transmitted by the user's computer to the website on subsequent visits to that website by the user so that, based on that information, the website may better serve the user's particular needs and preferences.

10. In the eBay Affiliate Program, when a visitor was referred to eBay.com from an affiliate website, eBay "dropped" a "cookie" on that user's computer. This cookie contained information that was used to identify the Affiliate Program member that had directed that particular user to eBay.com. This information is referred to herein collectively as the "Affiliate ID."

11. If and when that user later engaged in a revenue action on eBay.com, the Affiliate ID would be transmitted by the user's computer to eBay. An automated tracking process performed the analysis to determine whether the revenue action had occurred within the specified time frames.

12. If cookies from more than one affiliate were present on the user's computer at the time of the revenue action, the affiliate identified in the most recent cookie dropped on the user's computer was credited with the revenue action. Similarly, if there was no qualifying cookie on the user's computer at the time of the revenue action, then no affiliate was credited.

13. This process was intended to ensure that affiliates in the Affiliate Program received appropriate compensation from eBay based on the rates and amounts of compensation defined by the Affiliate Program.

**Affiliate Program Terms and Conditions**

14. EBay affiliates such as Kessler's Flying Circus agreed to certain terms and conditions required by eBay in order to participate in the Affiliate Program. These terms and conditions provided that the affiliate would not deliver any eBay-related cookies or other tracking tags to the computers of the affiliate's user when the user was merely

1 viewing the affiliate's advertisements or while the affiliate's applications were merely
2 active or open on the affiliate's user's computer.
3     15.     In addition, eBay affiliates such as Kessler's Flying Circus accepted the
4 terms of CJ's Publisher Service Agreement ("PSA") at the time of the affiliate's
5 registration in the Affiliate Program. The PSA informed affiliates that certain behavior
6 was not acceptable and was grounds for removal from the Affiliate Program. Prohibited
7 behavior included generating visitor clicks using any "device, program, [or] robot." The
8 PSA also required each affiliate to provide CJ and eBay with accurate and up-to-date
9 information about the affiliate's promotional methods.

**"Cookie Stuffing"**

11     16.     For purposes of this Indictment, "cookie stuffing" is the act of depositing, or
12 causing to be deposited, a cookie containing an Affiliate ID onto a user's computer
13 without that user having clicked on an advertisement or link.

### THE SCHEME

15     17.     As set forth more fully below, beginning on a date unknown to the Grand
16 Jury, but no later than in or about early 2006, and continuing to in or about June 2007, in
17 the Northern District of California and elsewhere, the defendant,

BRIAN DUNNING,

19 did knowingly devise and intend to devise, and did participate in, a material scheme and
20 artifice to defraud, and to obtain money and property by means of materially false,
21 misleading, and fraudulent pretenses, representations, omissions, and promises, which
22 scheme and artifice is summarized below.
23     18.     It was part of the scheme and artifice that, through various means, the
24 defendant disseminated on a large number of web pages computer code that, when those
25 web pages were viewed by a computer user, was designed to cause that user's computer to
26 make a request to eBay's home page merely for the purpose of prompting eBay's servers
27 to serve up a cookie, which would then be "stuffed" onto the user's computer. These
28 cookies contained information that identified an Affiliate ID of Kessler's Flying Circus.

INDICTMENT
[DUNNING]             -5-

In such situations, the human user never actually clicked on an eBay advertisement or link on Dunning's affiliate websites.

19. It was further part of the scheme and artifice that, in such situations, the computer code prevented eBay's home page from actually "loading" on the user's computer screen. Accordingly, the human user never actually viewed eBay's home page when an eBay cookie identifying Kessler's Flying Circus was stuffed onto the user's computer. Indeed, the human user never knew that the user's computer had made a request to the website (i.e., eBay.com) that had served up the cookie to be stuffed onto the computer.

20. It was further part of the scheme and artifice that the defendant attempted to place this computer code on a large number of web pages, including web pages that were not directly affiliated with Kessler's Flying Circus, all for the purpose of increasing the number of computers onto which cookies containing information identifying the Affiliate IDs of Kessler's Flying Circus would be stuffed.

21. It was further part of the scheme and artifice that the defendant had the expectation and intention that many of the users whose computers had had cookies stuffed on them would thereafter visit eBay.com and engage in revenue actions. If these revenue actions were within the time periods specified in the Affiliate Program, Kessler's Flying Circus would receive compensation from eBay with respect to those events. The defendant had the expectation and intention that these visits to eBay.com would be of each user's own accord, and would be separate and apart from any actions taken by the defendant to "drive" those users to eBay.com.

22. It was further part of the scheme and artifice that, in the situations described in the previous paragraph, the defendant caused these users' computers to transmit misrepresentations of material facts to eBay, in that these users' computers transmitted information contained in cookies stuffed onto those users' computers that falsely represented to eBay that the defendant's affiliate had originally directed the users to eBay.com and that, by implication, the affiliate was entitled to compensation from eBay if

INDICTMENT
[DUNNING]                          -6-

1  the users engaged in revenue actions within the specified time periods. In fact, the affiliate
2  was not entitled to compensation from eBay with respect to the vast majority of revenue
3  actions.

4  23. It was further part of the scheme and artifice that the defendant took certain
5  actions in order to prevent eBay and CJ from detecting his fraudulent scheme. These
6  actions included, but were not necessarily limited to avoiding stuffing cookies on
7  computers that appeared to be located in San Jose, California (the location of eBay's
8  headquarters) or in Santa Barbara, California (the location of CJ's headquarters).

9  24. It was further part of the scheme and artifice that the defendant made
10 misrepresentations and omissions of material facts to eBay and/or Commission Junction
11 with respect to his activities. For example, on or about September 7, 2006, the defendant
12 falsely stated in an e-mail to an eBay employee that he was "absolutely confident" that his
13 methods were "in line with the intended spirit of the terms" of the Affiliate Program.

14 COUNTS ONE THROUGH FIVE:    18 U.S.C. § 1343 – Wire Fraud

15 25. The factual allegations in paragraphs 1 through 24 are re-alleged and
16 incorporated herein as if set forth in full.

17 26. Beginning on a date unknown to the Grand Jury, but by no later than in or
18 about early 2006, and continuing to in or about June 2007, in the Northern District of
19 California, and elsewhere, the defendant,

20                              BRIAN DUNNING,

21 did knowingly devise and intend to devise, and intend to devise, and did participate in, a
22 material scheme and artifice to defraud eBay and Commission Junction as to a material
23 matter and to obtain money and property by means of materially false, misleading, and
24 fraudulent pretenses, representations, omissions, and promises, and by the concealment of
25 material facts.

26                              USE OF THE WIRES

27 27. On or about the dates listed below, for the purpose of executing the scheme
28 ///

INDICTMENT
[DUNNING]                             -7-

and artifice to defraud set forth above, and attempting to do so, the defendant

BRIAN DUNNING

did knowingly transmit and cause to be transmitted, in interstate and foreign commerce, by means of a wire communication, certain writings, signs, and signals, that is, transmissions of cookies from an eBay computer server in San Jose, CA, to computers and computer servers in other states and countries, as exemplified within the separate counts below, where in each instance the individual did not click on an eBay advertisement or link:

| COUNT | DATE | LOCATION OF COMPUTER OR COMPUTER SERVER AND IP ADDRESS OF USER | NATURE OF WIRE COMMUNICATION |
|---|---|---|---|
| One | 06/08/07 | Virginia<br>IP Address 172.174.248.28 | Cookie identifying Affiliate ID 2028993, pertaining to Kessler's Flying Circus |
| Two | 06/08/07 | United Kingdom (England)<br>IP Address 86.132.112.91 | Cookie identifying Affiliate ID 2028993, pertaining to Kessler's Flying Circus |
| Three | 06/09/07 | United Kingdom (England)<br>IP Address 87.74.32.80 | Cookie identifying Affiliate ID 2326993, pertaining to Kessler's Flying Circus |
| Four | 06/11/07 | United Kingdom (England)<br>IP Address 88.105.18.148 | Cookie identifying Affiliate ID 2326993, pertaining to Kessler's Flying Circus |
| Five | 06/11/07 | Ireland<br>IP Address 89.101.229.12 | Cookie identifying Affiliate ID 2326993, pertaining to Kessler's Flying Circus |

All in violation of Title 18, United States Code, Section 1343.

FORFEITURE ALLEGATION: 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

28. The preceding factual allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. 2461(c).

29. Upon conviction of one or more of the offenses alleged in Counts One through Five of this Indictment, the defendant,

BRIAN DUNNING,

shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.

INDICTMENT
[DUNNING]                    -8-

§ 2461(c) all property constituting, and derived from, proceeds the defendant obtained, directly and indirectly, as the result of those violations.

30. If any of the aforementioned property, as a result of any act or omission of the defendant —

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third person;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property that cannot be divided without difficulty;

any and all interest defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

DATED: June 24, 2010

A TRUE BILL.

_____
FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

_____
J. DOUGLAS WILSON
Acting Chief, Criminal Division

(Approved as to form: _____ )
AUSA WALDINGER

INDICTMENT
[DUNNING]              -9-

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION – IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

FILED
2010 JUN 24 P 4:52

### OFFENSE CHARGED

Title 18, United States Code, Section 1343 – Wire Fraud (Five Counts)

Forfeiture Allegation

E-filing

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**PENALTY:**
Maximum term of imprisonment of 20 years, maximum fine of $250,000 or twice the gross gain/loss (whichever is greater), 3 years of supervised release, $100 special assessment (per count)

**DEFENDANT**
BRIAN DUNNING

**DISTRICT COURT NUMBER**
CR 10 0494 RMW

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of: ☐ U.S. ATTORNEY ☐ DEFENSE } SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant } MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: Joseph P. Russoniello
☑ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): KYLE F. WALDINGER

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed _____ Month/Day/Year

**DATE OF ARREST** ▶ _____ Month/Day/Year
Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ _____ Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☑ SUMMONS ☐ NO PROCESS* ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☑ Arraignment ☑ Initial Appearance

Defendant Address: [redacted]

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: July 22, 2010, 9:30 a.m.    Before Judge: San Jose Duty Mag.

Comments: