1   MELINDA HAAG (CABN 132612)
    United States Attorney

2

3   MIRANDA KANE (CABN 150630)
    Chief, Criminal Division

4   KYLE F. WALDINGER (ILBN 6238304)
    Assistant United States Attorney

5
        450 Golden Gate Avenue, 11th Floor
6       San Francisco, California 94102
        Telephone: (415) 436-6830
7       Facsimile: (415) 436-7234
        E-mail: kyle.waldinger@usdoj.gov

8
    Attorneys for Plaintiff
9                           UNITED STATES DISTRICT COURT

10                         NORTHERN DISTRICT OF CALIFORNIA

11                                SAN JOSE DIVISION

12  UNITED STATES OF AMERICA,            )      No. CR 10-0494 JF
                                         )
13                Plaintiff,             )
                                         )      STIPULATED INTERIM PROTECTIVE
14        v.                             )      ORDER
                                         )
15  BRIAN DUNNING,                       )
                                         )
16                Defendant.             )
                                         )
17  _____)

18        WHEREAS during the course of discovery in the above-captioned criminal case, the

19  United States has produced and will produce in discovery documents and items containing

20  information that it considers to be confidential and proprietary information belonging to eBay,

21  Inc., or other entities; and

22        WHEREAS the United States and the defendant Brian Dunning ("defendant") deem it

23  appropriate to provide for the protection of such information, with the understanding that nothing

24  in this Stipulated Interim Protective Order constitutes any agreement or creates any presumption

25  regarding whether the specific information is, in fact, confidential or proprietary information;

26  with the understanding that nothing in the Stipulated Interim Protective Order shall be deemed to

27  serve as a basis or precedent regarding the appropriateness of a protective order with respect to

28  materials that may be subpoenaed from third parties in the future by the defendant; and

STIPULATED INTERIM PROTECTIVE ORDER
CR 10-0494 JF

1    preserving the defendant's right to challenge any such designation at a later time; and

2           WHEREAS the United States and the defendant wish to be ensure that the defendant and

3    his counsel become familiar with the specific information, the United States and the defendant

4    have agreed to the issuance of a protective order, with the understanding that this Stipulated

5    Interim Protective Order may be subsequently modified in such a way as the United States and

6    the defendant may agree, or in the absence of such agreement, as the Court may order,

7    accordingly,

8           IT IS HEREBY STIPULATED AND AGREED by and between the United States and the

9    defendant, Brian Dunning, and his counsel, that the following definitions and procedures will

10   govern the designation and handling of documents, materials, and other items produced by the

11   United States to the defendant, while reserving for a future time the question of how such

12   materials and information shall be handled at trial, and during pre- or post-trial hearings.

13          1.     Definitions:

14          a.     "Confidential Material" shall mean information that the United States contends is

15   intended to be kept secret, is confidential or proprietary information, or is a trade secret within

16   the meaning of 18 U.S.C. § 1839(3).

17          b.     "Discovery Material" shall mean all materials produced or disclosed by the United

18   States during discovery in this case, including materials that have been produced prior to the date

19   of this Stipulated Interim Protective Order.

20          c.     The "Parties" shall refer to the United States and the defendant Brian Dunning.

21          2.     The United States may designate Discovery Material as Confidential Material to

22   the extent that the United States believes in good faith that the information or material is or may

23   be Confidential Material as defined in ¶ 1(a) above.  Whenever possible, the United States shall

24   indicate whether particular items of Discovery Material are being designated as Confidential

25   Material at the time that the Discovery Material is produced.  The United States will identify in

26   writing the computer memory storage materials and Bates number ranges of documentary

27   evidence that it contends are Confidential Material.

28          3.     In addition to the defendant and his counsel, Confidential Material produced by

STIPULATED INTERIM PROTECTIVE ORDER
CR 10-0494 JF

1    the United States may be disclosed only to members and employees of defense counsel's law

2    office (including attorneys, interpreters, paralegals, and secretarial, stenographic, and clerical

3    employees, as well as any investigators retained by the defense) who are working on this case

4    under the direction of the defendant's counsel.  This prohibition does not extend to the defense's

5    showing of Confidential Material to witnesses, provided that those witnesses do not retain the

6    Confidential Material.  In the event that the defendant or his counsel wish to consult or retain an

7    expert regarding these materials, the procedure for doing so is addressed in paragraph 10 of this

8    Stipulated Interim Protective Order.  All such material shall be used solely for the purpose of

9    conducting pre-trial, trial and appellate proceedings in this case and for no other purposes

10   whatsoever, and shall not be used for the economic benefit of the defendant or for the benefit of

11   any third party.  Any motions that contain exhibits or attachments containing any of the material

12   designated as Confidential Material need not be filed under seal, except that the exhibits or

13   attachments shall be filed under seal.  The standard procedures for filing a document under seal

14   shall apply.

15          4.      Before any Confidential Material produced by the United States may be made

16   available to anyone OTHER THAN an individual described in ¶ 3 or ¶ 11, counsel for the

17   defendant must provide written notice ("Notice of Intent to Disclose") at least seven business

18   days in advance to the United States.  Once an objection is made, the party seeking disclosure

19   shall have five business days to respond.  If no agreement is reached by the United States and the

20   defendant within five additional business days, the United States may apply to the Court for

21   appropriate relief, with copies of such motion being served on counsel for the respective

22   defendant.  Any such application or supporting document shall be filed under seal.  The United

23   States may include as an attachment to such a motion an explanation by eBay, Inc. (or other

24   appropriate entity) articulating any concerns that that entity may have with the disclosure of

25   confidential and proprietary information or "trade secret" information.  Once an objection has

26   been made, no Confidential Material may be disclosed to the individual unless and until the

27   objection has been resolved or ruled upon by the Court.

28          5.      The recipient of any Confidential Material that is provided under this Stipulated

STIPULATED INTERIM PROTECTIVE ORDER
CR 10-0494 JF

3

Interim Protective Order shall keep such information in a manner reasonably intended to preserve and maintain the confidentiality of the information and shall not disclose such information to any individuals except as authorized by this Stipulated Interim Protective Order.

7.      At the conclusion of the above-captioned case (including any post-trial proceedings such as an appeal or a habeas petition), the defendant and his counsel agree to either destroy or return all Confidential Material to the United States, except as otherwise directed by the Court.

8.      Nothing herein shall prevent the defendant from using the Confidential Material or from referring to it or reciting from any information contained in such Confidential Material in connection with pleadings or motions filed in this case, provided that such materials shall be filed under seal and/or submitted to the Court for in camera inspection.  The use of Confidential Material at trial or pre- or post-trial hearings will be resolved at or before the time of the trial or hearing.

9.      Should the defendant dispute the propriety of any designation of Discovery Material as Confidential Material, the defendant shall serve notice in writing on the United States.  Within seven business days of receiving the notice, the United States shall respond to the notice in writing.  If, after seven days from the date the response is served, the United States and the defendant are unable to resolve their dispute, either the United States or the defendant may apply to the Court to do so.  Any such dispute or pendency of such motion shall not be grounds for a refusal to produce Discovery Material.  During the pendency of the dispute and any court resolution thereof, including an appeal of the Court's decision on such motion, the Discovery Material should be treated as Confidential Material and shall be covered by the provisions of this Stipulated Interim Protective Order.  The parties understand that, as this Stipulated Interim Protective Order is primarily intended to facilitate pretrial discovery, the defendant and his counsel may choose not to formally challenge the United States' designation of certain material as confidential at this stage of the proceedings.  Such a failure to challenge the confidential designation does not constitute a waiver on the defendant's part of the ability to challenge that confidential designation at a later time.

STIPULATED INTERIM PROTECTIVE ORDER
CR 10-0494 JF

4

10.     At such time that the defense team retains an expert or experts to assist in reviewing the Confidential Material and preparing for trial, any such expert shall execute an Acknowledgment, which shall be submitted to the Court ex parte and in camera. The United States will not be provided with a copy of the Acknowledgment(s) signed by the expert(s), and the identity of the expert(s) shall not be disclosed except to the extent that such disclosure is required by the Federal Rules of Criminal Procedure. The United States retains the right to request that the Court authorize such disclosure. Nothing in this paragraph relieves the defendant of the discovery obligations contained in Federal Rule of Criminal Procedure 16(b)(1)(C), nor does the United States waive any rights thereunder by entering into this stipulation.

11.     Defense counsel shall be allowed to disclose Confidential Material to civil counsel representing the defendant in the related civil action (No. CV 08-4052 JF), provided that the defendant's civil counsel executes an Acknowledgment.

12.     Ebay, Inc. is not a party to the above-captioned case. Where this Stipulated Interim Protective Order requires the service of notice on an opposing party, this requirement does not include the service of notice on eBay or any other third party.

13.     By signing and agreeing to this Stipulated Interim Protective Order, no party shall be deemed to have conceded that any material has been properly designated as Confidential Material or that such material constitutes confidential and proprietary information or a trade secret within the meaning of 18 U.S.C. § 1839(3). Moreover, failure of a party to designate Discovery Material as Confidential Material at the time of production shall not be deemed a waiver of the party's ability to argue at a later time that the Discovery Material in fact is confidential and proprietary or a trade secret.

14.     Nothing in this Stipulated Interim Protective Order shall preclude either party from applying to the Court for further relief or modification. The parties' agreement to enter into this Stipulated Interim Protective Order at this time is for the purpose of pretrial discovery and is not a concession by the defendant that the terms contained herein would be appropriate should the case proceed beyond that stage.

15.     Nothing in this Stipulated Interim Protective Order shall prevent disclosure

STIPULATED INTERIM PROTECTIVE ORDER
CR 10-0494 JF

5

1 | beyond the terms of this Stipulated Interim Protective Order if all parties consent in writing to
2 | such disclosure, or if such disclosure is ordered by the Court.

3 |     16.     Willful violation of this Stipulated Interim Protective Order may be punishable by
4 | contempt of court, whatever other sanction the Court deems just, or any sanctions or
5 | combinations of sanctions which are legally available.

6 |     IT IS SO STIPULATED.
7 | DATED: 12/9/2010

MELINDA HAAG
United States Attorney

10 | KYLE F. WALDINGER
Assistant United States Attorney

12 |     IT IS SO STIPULATED.
13 | DATED:

WILLIAM L. KOPENY
Attorneys for the defendant Brian Dunning

16 |     IT IS SO STIPULATED.
17 | DATED:

BRIAN DUNNING
Defendant

19 |     IT IS SO ORDERED.
20 | DATED: 12/13/10

THE HONORABLE JEREMY FOGEL
United States District Judge

STIPULATED INTERIM PROTECTIVE ORDER
CR 10-0494 JF

6

## ACKNOWLEDGMENT OF STIPULATED INTERIM
## PROTECTED ORDER IN:
## <u>UNITED STATES v. BRIAN DUNNING</u>
### CR 10-0494 JF

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Interim Protective Order issued in <u>United States v. Brian Dunning</u>, No. CR 10-0494 JF, has read, understands, and agrees to the terms of the Stipulated Interim Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.


DATED:

_____
Signature

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code and Telephone Number

STIPULATED INTERIM PROTECTIVE ORDER
CR 10-0494 JF